## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MISSOURI

KIA MACKEY, individually and on behalf of all others similarly situated,

                Plaintiff,

     vs.

BELDEN, INC.,

                Defendant.

Case No. 4:21-cv-00149-JAR

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS'

## MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT

# TABLE OF CONTENTS

**I.** INTRODUCTION..................................................................................................1

    **A.** Defendant Belden, Inc. …………………………………………………………..1

    **B.** Plaintiff Kia Mackey …………………...……………………………………….1

    **C.** Plaintiff Anand Edke …………………………………………………………….2

    **D.** Facts Applicable to All Parties …………………………………………………..2

**II.** SUMMARY OF THE PROPOSED SETTLEMENT....................................... 3

    **A.** The Settlement Class …………………………………………………………….3

    **B.** The Settlement Class Benefits …………………………………………………4

    **C.** Buisness Practice Commitments ………………………………………………..5

    **D.** Attorney's Fees, Expenses, Service Awards …………………………………………..5

**III.** CERTIFICATION OF THE CLASS FOR SETTLEMENT PURPOSES........................ 7

**IV.** APPROVAL OF THE PROPOSAL – THE SETTLEMENT IS PRESUMPTIVELY FAIR, ADEQUATE AND REASONABLE .................................................................. 10

    **A.** The Class Representatives and Class Counsel Have Adequately Represented the Class and the Settlement Agreement Was Negotiated at Arm's Length - Rule 23(e)(2)(A-B) ……………..10

    **B.** The Relief Provided for the Class is Adequate - Rule 23(e)(2)(C) …………………………..11

        **1.** The Costs, Risks, and Delay of Trial and Appeal - Rule 23(e)(2)(C)(i) ………………..11

        **2.** The Effectiveness of Any Proposed Method of Distributing Relief to the Class Including the Method of Processing Class-Member Claims - Rule 23(e)(2)(C)(ii) ………………11

        **3.** The Terms of Any Proposed Award of Attorney's Fees, Including Timing of Payment - Rule 23(e)(2)(C)(ii) …………………………………………………………………12

        **4.** Any Agreement Required to be Identified under Rule 23(e)(3) ………………………12

        **5.** The Proposal Treats Class Members Equitably Relative to EAch other - Rule 23(e)(3)(D) …………………………………………………………………………12

**V.** NOTICE OF THE CLASS ACTION SETTLEMENT AND THE NOTICE PLAN ..... 13

**VI.**    RIGHTS OF CLASS MEMBERS ................................................................................ 14

    **A.**  Exclusions ("Opt-Outs") by Class Members ……………………………………………14

    **B.**  Objections by Settlement Class Members ……………………………………………15

**VII.**    CONCLUSION ................................................................................................ 16

# **TABLE OF AUTHORITIES**

Page(s)

Cases

*Amchem Prods., Inc. v. Windsor*,
521 U.S. 591 (1997) ................................................................................................ 9

*Grunin v. Int'l House of Pancakes*,
513 F.2d 114 (8th Cir. 1975) ................................................................................ 13

*In re Zurn Pex Plumbing Products Liab. Litig.*,
2013 WL 716088 (D. Minn. Feb. 27, 2013) ......................................................... 10

*Justine Realty Co. v. American Nat. Can Co.*,
976 F.2d 385 (8th Cir. 1992) ................................................................................ 10

*Mullane v. Cent. Hanover Bank & Trust Co.*,
339 U.S. 306 (1950) .............................................................................................. 14

*State ex rel. Byrd v. Chadwick*,
956 S.W.2d 369 (Mo. App. W.D. 1997) ............................................................... 13

## I.    INTRODUCTION

Plaintiff Kia Mackey and Plaintiff Anand Edke in *Edke v. Belden, Inc.*, Case No. 4:21-cv-955-MTS (E.D. Mo.) (collectively referred to as "Plaintiffs," "Representative Plaintiffs," or "Class Representatives") submit this Memorandum of Law in support of their motion for preliminary approval of a proposed class action settlement. The proposed settlement satisfies the criteria for preliminary settlement approval under Federal law.  Moreover, Plaintiffs strongly believe the Settlement is fair, reasonable, and adequate.  Therefore, respectfully, the Court should grant this Motion and notice should be distributed to Settlement Class Members.[1]

## II.    STATEMENT OF FACTS

This matter concerns two putative class actions arising out of a Cyberattack (the "Cyberattack").  On November 12, 2020, an unauthorized third party gained access to Defendant Belden, Inc.'s ("Defendant" or "Belden") servers that contained personal information of current and former employees and business partners. On November 24, 2020, Belden sent notice of the Cyberattack to those affected.  Defendant is a provider of networking, connectivity, and cable products, and designs, manufactures, and markets signal transmission products for applications.

On February 4, 2021, Plaintiff Kia Mackey filed a complaint in the United States District Court for the Eastern District of Missouri in an action styled *Kia Mackey v. Belden Inc.*, Case No. 4:21-cv-00149 (the "*Mackey* Action").  On March 12, 2021, Plaintiff Mackey filed a First Amended Class Action Complaint, asserting various claims against Belden arising out of the Cyberattack, including claims for negligence, breach of implied contract, breach of confidence, invasion of privacy, breach of fiduciary duty, breach of the covenant of good faith and fair dealing,

---

[1]    Capitalized terms not defined herein shall have the meanings ascribed to them in the Settlement Agreement, which is attached hereto as Exhibit "1" with its respective Exhibits attached "A" through "F."

declaratory judgment, and violation of the Indiana Deceptive Consumer Sales Act.

On January 7, 2021, Plaintiff Anand Edke filed a complaint in the Circuit Court of Cook County, Illinois, in an action styled *Anand Edke v. Belden Inc.,* Case No. 2021-CH-00047 (the "*Edke* Action"), which was ultimately removed and transferred to the Eastern District of Missouri. Plaintiff Edke asserts various claims arising from the Cyberattack, including negligence, negligence per se, breach of implied contract, violation of the Illinois Personal Information Protection Act, and unjust enrichment.

On September 16, 2021, Belden, and Plaintiff Edke filed a joint motion to stay the *Edke* Action until the *Mackey* Action was fully and finally resolved. The Court granted the motion on January 21, 2022. The proposed settlement in this action will resolve all of Plaintiff Edke's claims.

Plaintiffs Edke and Mackey, through their counsel, have been working together cooperatively and participated in the negotiation of the Settlement Agreement. Each of the claims asserted concerns Defendant's alleged unlawful disclosure of its former and current employees' personal information. Defendant denies all liability and contends no one has suffered a legally cognizable injury from the Data Breach. Defendant also denies that this case would satisfy the requirements for class certification outside the settlement context.

Plaintiffs' counsel's work in this and other cases involving the alleged unauthorized disclosure of personal information has led to an informed perspective regarding the strengths and weaknesses of the case, the risks and reward of litigating these cases through trial and possible appeals, and the likely outcome of continued litigation.

Defendant's counsel is also experienced in complex litigation and Cyberattack cases. Defendant has asserted defenses on the merits, as well as against class certification. These defenses would require motions to the court at substantial costs and litigation risk relative to the potential

recovery in this case.

Plaintiffs' counsel and Defendant's counsel have done substantial research, discovery, and work in this case to ascertain the merits of the claims and the likely results of protracted litigation. The Settlement Agreement resulted from good faith, arm's-length settlement negotiations, including a full-day (going late into the evening), in-person mediation session on May 9, 2022, aided by an experienced mediator, Jeffrey Grubman, Esq. of JAMS. Prior to the mediation, the Parties engaged in discovery during which Belden provided documents and data to Class Counsel. The Defendant's and one of Plaintiff's expert witnesses in the *Mackey* Action were deposed. Following the mediation, the Parties continued to negotiate in good faith, and ultimately reached an agreement in principle to settle the *Edke* Action and the *Mackey* Action. The Parties executed a Term Sheet on May 31, 2022. The Parties thereafter negotiated the fine points of the Settlement memorialized in the Settlement Agreement, executed on August 25, 2022. This work has allowed experienced counsel for both sides to evaluate the case and this settlement. A summary of the proposed Settlement is set forth below.

## III. SUMMARY OF THE PROPOSED SETTLEMENT

### A. The Settlement Class

The "Settlement Class" in this case is defined as:

[A]ll individuals residing in the United States to whom Belden or its authorized representative sent a notice concerning the Cyberattack. The Settlement Class specifically excludes: (i) Belden and its officers and directors; (ii) all Settlement Class Members who timely and validly request exclusion from the Settlement Class; (iii) the Judge and/or Magistrate Judge, and their staffs, assigned to this matter; and (iv) any other person found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding or abetting the criminal activity or occurrence of the Cyberattack or who pleads *nolo contendere* to any such charge.

Settlement Agreement ("SA"), ¶ 1.22.

## B.        The Settlement Class Benefits

Defendant's payment obligations under the Settlement Agreement are to pay the Approved Claims and Costs of Settlement Administration, up to a cap of $865,000.00. *Id.* at ¶ 2.1.[2] All Settlement Class Members who submit an Approved Claim are eligible to receive reimbursement for losses that they incurred as a result of the Cyberattack for one or more of the following, not to exceed a total of $5,000.00 per Settlement Class Member:

1.  Out of pocket expenses incurred as a direct result of the Cyberattack, including unreimbursed out-of-pocket losses resulting from fraud or misuse of Settlement Class Members' Personal Information, bank fees, long distance phone charges, cell phone charges (only if charged by the minute), data charges (only if charged based on the amount of data used), postage, or gasoline for local travel, all of which must be fairly traceable to the Cyberattack, and must not have been previously reimbursed by a third party;

2.  Fees for credit reports, credit monitoring or other identity theft insurance product purchased between November 24, 2020, and the date of Preliminary Approval of the Settlement; and

3.  Reimbursement for lost time they reasonably spent responding to the Cyberattack, up to five (5) hours compensated at the rate of $21.37 per hour. *Id.*

Belden has also agreed to make available to Settlement Class Members who submit Approved Claims identity protection and credit monitoring services, such as Aura Financial Shield or a comparable product, for a period of forty-two (42) months, with the commencement of

---

[2]    The aggregate amount for any Approved Claims the Costs of Settlement Administration for which Belden shall be responsible to pay is capped at $865,000.  If the total amount of Approved Claims added to the Costs of Settlement Administration exceeds the $865,000 cap, the aggregate amount for Approved Claims will be reduced on a *pro rata* basis such that the total aggregate amount of Approved Claims and Costs of Settlement Administration does not exceed the Aggregate Cap of $865,000.  SA, ¶ 2.4.

protection and monitoring to begin on the final approval of the Settlement, and to remain available for commencement for 90 days thereafter. *Id.*, ¶ 2.2. Those Settlement Class Members who submit Approved Claims for monitoring and protection services and who (1) already have obtained monitoring and protection services offered through Belden as a result of the Cyberattack, and (2) those services already obtained through Belden have not yet expired as of the final approval of the Settlement, will receive an additional forty-two (42) months of monitoring and protection services from the expiration date of the monitoring and protection services already received through Belden. *Id.* ¶ 2.2.1. The protection and monitoring services will include, at a minimum: (i) credit monitoring including all three major credit reporting agencies: Equifax, Experian or TransUnion; (ii) dark web monitoring; (iii) identity restoration and recovery services; and (iv) $1,000,000 identity theft insurance with no deductible. *Id.* ¶ 2.2.2. Settlement Class Members can submit claim forms for these identity protection and credit monitoring services whether or not they are eligible for a monetary recovery under the Settlement. *Id.*, ¶ 2.2.

Belden will also pay the entirety of the costs of Settlement Administration and Notice, subject to the aggregate cap of $865,000.00. *Id.* at ¶ 2.3. The Parties propose that the Court appoint KCC Class Action Services ("KCC") as the Settlement Administrator. The Parties selected KCC over other administrators based on KCC's track-record in class action notice and settlement administration. KCC has administered thousands of class action settlements and has the resources and experience to issue Settlement notices, process claims, and distribute Settlement benefits.[3] KCC will be charged with delivering sufficient notice (including direct notice) and administering the claims process. *Id.* at ¶ 2.3. The Settlement Administrator, in its sole discretion, will determine whether: (1) the claimant is a Settlement Class Member; (2) the claimant has provided all

---

[3]    *See* https://www.kccllc.com/our-services/class-action/what-we-do.

information required to complete the Claim Form and (3) the information submitted would lead a reasonable person to conclude, for a Settlement Claim for Expense Reimbursement, that the alleged expenses plausibly arose from the Cyberattack. *Id.* at ¶ 2.3.1.

The Settlement Administrator will administer and calculate the Settlement Claims submitted by Settlement Class Members and give reports as to both claims and distributions to Class Counsel and Belden. *Id.* at ¶ 10.1. Payment of Approved Claims shall be made by check and shall be mailed and postmarked within 60 days after the Effective Date, or within 30 days after the Settlement Administrator has received all claims and made a final determination as to the amount to be paid for all Approved Claims, whichever is latest. *Id.* at ¶ 10.2.

### C.    Business Practice Commitments

Belden has also agreed to adopt, implement, and/or continue various business practices a period of three years to ensure personal information is not subject to a Cyberattack in the future. *Id.* at ¶ 3.1. Belden has estimated these business practice commitments will total approximately $7,882,500.00.[4]

### D.    Attorneys' Fees and Expenses and Service Awards

Under Federal Rule of Civil Procedure (hereinafter referred to as "Rule") 23(h), the Court may award reasonable attorneys' fees and costs that are authorized by the parties' agreement.

Belden has agreed to separately pay Plaintiffs' Counsel's attorney's fees, reimbursement of litigation expenses and service awards to Plaintiffs that may be awarded by the Court. *See* SA, ¶¶ 9.1, 9.2, 9.3. Plaintiffs' Counsel intend to request reasonable attorneys' fees and litigation costs not to exceed $425,000.00 and service awards to Plaintiffs not to exceed $3,500.00 each.

---

[4]    Attached hereto as Exhibit "2" is the Declaration of Joel Naumoff, Director of Global Cybersecurity at Belden Inc.

Belden will pay such attorneys' fees, costs, and service awards in the amounts awarded by the Court, entirely separate from the relief being made available to Settlement Class Members. *Id.* at ¶¶ 9.2, 9.3. Accordingly, the payment of such fees and expenses will not at all reduce the other benefits afforded to the Settlement Class Members.

## IV.    CERTIFICATION OF THE CLASS FOR SETTLEMENT PURPOSES

The Court should conditionally certify the Settlement Class. Regarding the settlement of class actions, Rule 23(e) states:

> The claims, issues, or defenses of a certified class—or a class proposed to be certified for purposes of settlement—may be settled, voluntarily dismissed, or compromised only with the court's approval.

The Settlement Class should be certified for settlement purposes only, pursuant to Rule 23(e)(B)(ii). The Settlement Class meets the Rule 23(a) factors in that:

A.    The Settlement Class is so numerous that joinder of all members is impracticable. The class consists of 15,334 members.[5]

B.    There are questions of law or fact common to the Settlement Class. These questions include whether Defendant's actions constitute:  (1) negligence; (2) negligence per se; (3) a breach of implied contract; (4) a breach of confidence; (5) invasion of privacy; (6) a breach of fiduciary duty; (7) a breach of the covenant of good faith and fair dealing; (8); unjust enrichment; (9) a violation of the Indiana Deceptive Consumer Sales Act; (10) a violation of the Illinois Personal Information Protection Act; and (11) unjust enrichment.

---

[5]    *See* the Declaration of Brian Anderson, Senior Vice President – Legal, General Counsel, and Corporate Secretary of Belden Inc., attached hereto as Exhibit "3."

C.      The Representative Plaintiffs' claims are typical of the claims of the Settlement Class. The Representative Plaintiffs entrusted their personal information to Defendant and Defendant stored the Representative Plaintiffs' personal information. In November 2020, a third party launched the Cyberattack against Belden and gained unauthorized access to Belden's servers; the Representative Plaintiffs allege that their personal information was accessed and disclosed. The Representative Plaintiffs seek recovery for any potential harm to their credit and reputation caused by any alleged disclosure of their personal information and attorneys' fees.

D.      The Representative Plaintiffs will fairly and adequately protect the interests of the Settlement Class. The Representative Plaintiffs have been actively involved in this litigation and have no interest adverse to the Settlement Class.  Further, the Settlement Class is represented by attorneys who have demonstrated an extensive experience in class litigation and who have been approved as adequate counsel in other class actions.

This action also satisfies the requirements of Rule 23(b) in that, for settlement purposes only: (1) questions of law or fact common to members of the Settlement Class predominate over any questions affecting individual members; and (2) a class action is superior to other available methods for the fair and efficient adjudication of the controversy. This is true in this case because the harm to each individual Settlement Class Member was relatively minor and is therefore too small to justify individual actions.

However, there are four additional factors that must be considered in order for the Court to make the above determination under Rule 23(b)(3):  (1) "the class members' interests in

8

individually controlling the prosecution or defense of separate actions;" (2) "the extent and nature of any litigation concerning the controversy already begun by or against class members;" (3) "the desirability or undesirability of concentrating the litigation of the claims in the particular forum;" and (4) "the likely difficulties in managing a class action." The Settlement Class meets these four factors for the following reasons:

A. The Settlement Class Members likely have no interest in individually controlling the prosecution or defense of separate actions. The Settlement Class Members' interests are better served by maintaining a class action because if each were to pursue their claims against Belden individually, they would each need to provide nearly the same, if not identical, legal factual arguments and evidence. The cost of doing so would also be particularly burdensome, thus this factor is met.

B. This Litigation has been extensive. Counsel has vigorously litigated the causes of action, including: (1) conducting thorough pre-suit investigation which resulted in the preparation of detailed complaints; (2) successfully opposing Defendant's motions to dismiss; (3) requesting and reviewing discovery; (4) participating in mediation; and (5) engaging in extensive settlement discussions. Given the time, dedication, and work allotted to the case, this factor tips in favor of a class action being superior.

C. It would be desirable to concentrate the litigation of the claims in this particular forum. As mentioned previously, Belden is subject to more than one lawsuit. Concentrating the litigation of the claims provides expediency and avoids duplicative litigation.

D. Although there could be difficulties in managing the class action if it were to proceed to trial, the Court does not need to consider this factor in a settlement context. *See Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 620 (1997).

Additionally, Plaintiffs request that the Court appoint them to serve as Class Representatives and appoint William B. Federman of Federman & Sherwood and M. Anderson Berry of Clayeo C. Arnold, A Professional Law Corp. as Class Counsel.

## V.  APPROVAL OF THE PROPOSAL – THE SETTLEMENT IS PRESUMPTIVELY FAIR, ADEQUATE AND REASONABLE

Courts exercise discretion when approving class action settlements under Rule 23(e). There is strong judicial and public policy favoring the voluntary conciliation and settlement of class action litigation. *See Justine Realty Co. v. American Nat. Can Co.*, 976 F.2d 385, 391 (8th Cir. 1992). This Court has the responsibility to review the Settlement Agreement to determine whether its terms are presumptively fair, adequate and reasonable. In determining whether a settlement is fair, adequate and reasonable, the following factors found in Rule 23(e)(2) are taken into account:

> (A) the class representatives and class counsel have adequately represented the class; (B) the proposal was negotiated at arm's length; (C) the relief provided for the class is adequate, taking into account: (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims; (iii) the terms of any proposed award of attorney's fees, including timing of payment; and (iv) any agreement required to be identified under Rule 23(e)(3); and (D) the proposal treats class members equitably relative to each other.

Each of these factors is addressed below. These factors weigh in favor of finding the proposed settlement fair, reasonable, and adequate in this case.

### A.  The Class Representatives and Class Counsel Have Adequately Represented the Class and the Settlement Agreement Was Negotiated at Arm's Length – Rule 23(e)(2)(A-B)

As has been recognized, there is a presumption of reasonableness when a Settlement Agreement is produced by arm's-length negotiations conducted by substantially experienced and capable counsel. *See In re Zurn Pex Plumbing Products Liab. Litig.*, No. 08-MDL-1958, 2013 WL 716088, at *6 (D. Minn. Feb. 27, 2013) (stating that "[t]he settlement here is presumptively valid, given the arm's-length negotiations supervised by Magistrate Judge Leung, the extensive discovery

conducted..., the substantial experience of both plaintiffs and defense attorneys, and the absence of even a single objection to the settlement.").

Here, the Settlement is a product of extensive arm's-length negotiations conducted by experienced counsel and a well-respected mediator, whom are all knowledgeable in complex consumer class actions, including data breach class actions. The Settlement reflects the progress of countless months of briefing, reviewing relevant discovery, and other technical aspects of the litigation. This includes a full-day mediation session before Jeffrey Grubman, Esq. of JAMS. During the mediation, and in the months of subsequent discussions, the parties engaged in hard-fought negotiations to reach an agreement on the terms of the Settlement.

Counsel have considerable experience in representing plaintiffs in consumer class actions, including data breach class actions, and are capable of assessing the strengths and weaknesses of a case. The experience of the attorneys involved demonstrate that the Settlement Class Members were well represented at the bargaining table.[6]

### B.    The Relief Provided for the Class is Adequate - Rule 23(e)(2)(C)

#### 1.    The Costs, Risks, and Delay of Trial and Appeal - Rule 23(e)(2)(C)(i)

Class actions, like the instant action dealing with data security issues, have a reputation for being particularly complex. Absent the Settlement Agreement, Plaintiffs would have to overcome many hurdles, including, but not limited to, summary judgment, prevail at trial, and possibly appeal. Moreover, they would also need to be successful in certifying and maintaining the action as a class action. Instead of trudging through the foregoing, the Parties were able to craft a Settlement Agreement that adequately provides monetary benefits to the Settlement Class and changes to Belden's security practices, and avoids the expenses of ongoing litigation.

---

[6]    Attached hereto as Exhibit "4" is the Declaration of William B. Federman.

By negotiating a Settlement Agreement, Plaintiffs have also reduced their risk and delay of a recovery. Although Plaintiffs are confident their respective lawsuits have merit, prevailing at trial would create a substantial risk and delay. Advancing the case to trial would likely take years and would involve numerous fact witnesses, experts, and the introduction of voluminous documentary evidence. By Settling now, Plaintiffs avoid the risks associated with continuing litigation and guarantee quicker recovery, including extended identity theft protection, to the Settlement Class.

> **2.    The Effectiveness of Any Proposed Method of Distributing Relief to the Class, Including the Method of Processing Class-Member Claims - Rule 23(e)(2)(C)(ii)**

Here, the plan of allocation is straightforward and the result of extensive negotiation between highly competent counsel, with the input of a mediator. As set forth above in section II.B, to receive the benefits outlined above, a Settlement Class Member need only fill out the simple Claim Form and submit it to the Settlement Administrator, on or before the Claims Deadline. *See* SA, ¶ 2.1.1.  The Settlement Agreement also provides the following forms of relief: (1) out of pocket expenses incurred as a direct result of the Cyberattack; (2) Fees for credit reports, credit monitoring, or other identity theft insurance product; and (3) reimbursement for lost time. *Id*. at ¶ 2.1. The Settlement also provides for identity theft and credit monitoring services. *Id*. at ¶ 2.2. Finally, the Settlement provides injunctive relief in the form of meaningful data security enhancements to better protect the personal information of the Settlement Class. *Id.* at ¶ 3.1.

All claims will be processed by the proposed Settlement Administrator, with the oversight of Class Counsel and Belden.

> **3.    The Terms of Any Proposed Award of Attorney's Fees, Including Timing of Payment - Rule 23(e)(2)(C)(ii)**

As discussed above, Plaintiffs' Counsel intend to request an award of attorneys' fees and

reimbursement of expenses not to exceed $425,000.00. This request is well within the range of reasonableness considering the benefits made available under the Settlement and the months of attorney work and costs that have accrued. Accordingly, this factor does not pose a barrier to granting preliminary approval. Plaintiffs will provide a full analysis of their proposed attorneys' fee award and request for expenses prior to the hearing for Final Approval.

### 4.    Any Agreement Required to be Identified Under Rule 23(e)(3)

Other than the Settlement Agreement, which has been attached hereto, there are no such agreements. As such, this factor supports preliminary approval.

### 5.    The Proposal Treats Class Members Equitably Relative to Each Other. Rule 23(e)(2)(D)

As identified, the Settlement Agreement applies to all Settlement Class Members equally as they each received the same the same opportunity for reimbursement, upon submitting the Claim Form (and additional information required by the Claim Form). For these reasons, the Settlement Class Members are treated equitably relative to each other by the Settlement Agreement.

## VI.    NOTICE OF THE CLASS ACTION SETTLEMENT AND THE NOTICE PLAN

The Court must direct that notice be given in a reasonable manner to all of the Settlement Class Members who would be bound by the proposal.[7] Rule 23(e)(1)(B). The notice must satisfy due process and, thus, must "fairly apprise the prospective members of the class of the terms of the settlement and of the options that are open to them in connection with [the] proceedings." *State ex rel. Byrd v. Chadwick*, 956 S.W.2d 369, 385 (Mo. App. W.D. 1997) (citing, *inter alia, Grunin v. Int'l House of Pancakes*, 513 F.2d 114, 122 (8th Cir. 1975)). "The information need only be general in nature and can refer the putative class members to the court or counsel for detailed

---

[7]    The Claim Form, Short Form Notice, and Long Form Notice are attached to the Settlement Agreement as Exhibits "A", "B", and "C," respectively.

information." *Id.* (citing *Grunin*, 513 F.2d at 122). The notice must be the "best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable efforts." *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 315 (1950).

Here, after the Court's grant of preliminary approval of the proposed Settlement, the following will occur:

A. Defendant will provide the Settlement Administrator with the names and last known addresses of all Class Members. SA, ¶ 5.2.

B. Within 30 days after the Preliminary Approval Order, the Settlement Administrator shall send the Settlement Class Members the Short Notice via U.S. Mail. *Id*., ¶ 5.2.1.

C. Within 14 days after the Preliminary Approval Order, the Settlement Administrator shall establish a dedicated settlement website and toll-free telephone number with a live operator and shall maintain and update the website throughout the Claims Period, with the Short Notice, Long Notice, and Claim Form approved by the Court, as well as this Settlement Agreement. The Settlement Administrator also will provide copies of the forms of Short Notice, Long Notice, and Claim Form approved by the Court, as well as the Settlement Agreement, upon request. *Id.* at ¶ 5.2.2.

Accordingly, the proposed notices constitute the best notice practicable under the circumstances.

## VII.    RIGHTS OF CLASS MEMBERS

The Class Members' rights as set forth in the Settlement Agreement are summarized below.

### A.    Exclusions ("Opt-Outs") by Class Members

Any Settlement Class Member may submit an Opt-Out Request by mailing or delivering such request in writing to the Settlement Administrator. *Id.* at ¶ 6.1. Any Opt-Out Request must be postmarked no later than sixty (60) days from the date of the Notice Deadline. *Id.* at ¶ 6.1.2.

The written opt out notice must include the case name and number; the individual's name and address; a statement that they want to be excluded from the Settlement Agreement; and the individual's signature. *Id.* at ¶ 6.1.1. All persons who submit valid and timely notices of their intent to be excluded from the Settlement Class shall not receive any benefits of and/or be bound by the terms of the Settlement Agreement. *Id.* at ¶ 6.2.

### B.  Objections by Settlement Class Members

Each Settlement Class Member desiring to object to the Settlement Agreement shall file and serve a timely written notice of their objection. *Id.* at ¶ 7.1. Such notice shall state: (i) the objector's full name, address, telephone number, and e-mail address (if any); (ii) information identifying the objector as a Settlement Class Member, including proof that the objector is a member of the Settlement Class (e.g., copy of Short Notice, copy of original notice of the Cyberattack); (iii) a written statement of all grounds for the objection, accompanied by any legal support for the objection the objector believes applicable; (iv) the identity of all counsel representing the objector, if any; (v) the identity of all counsel representing the objector who will appear at the Final Fairness Hearing, if any; (vi) a list of all persons who will be called to testify at the Final Fairness Hearing in support of the objection; (vii) a statement confirming whether the objector intends to personally appear and/or testify at the Final Fairness Hearing; (viii) the objector's signature and the signature of the objector's duly authorized attorney or other duly authorized representative (along with documentation setting forth such representation), if any; (ix) a list, by case name, court, and docket number, of all other cases in which the objector (directly or through counsel) has filed an objection to any proposed class action settlement within the last 3 years; (x) a list, by case name, court, and docket number, of all other cases in which the objector's counsel (on behalf of any person or entity) has filed an objection to any proposed class action

settlement within the last 3 years; and (xi) a list, by case name, court, and docket number, of all other cases in which the objector has been a named plaintiff in any class action or served as a lead plaintiff or class representative. *Id.*

To be timely, written notice of an objection in the appropriate form must be filed with the Clerk of the Court no later than 60 days after the Notice Deadline, and served concurrently therewith upon Class Counsel and counsel for Belden. *Id.* at ¶ 7.1.1.

The agreed-upon procedures and requirements for filing objections in connection with the Final Approval Hearing are intended to ensure the efficient administration of justice and the orderly presentation of any Settlement Class Member's objections to the Settlement Agreement, in accordance with such Settlement Class Member's due process rights.

## VIII.   CONCLUSION

**WHEREFORE**, Plaintiffs respectfully request that this Court preliminarily approve the attached Settlement Agreement as being sufficiently fair, reasonable, adequate, and in the best interest of all Settlement Class members, as falling within the range of possible final approval, and as meriting submission to the Settlement Class members for their consideration. Plaintiffs respectfully request that the Court enter the attached [Proposed] Order Certifying a Settlement Class, Preliminarily Approval Class Action Settlement, and Directing Notice to the Settlement Class, submitted herewith.

Dated: August 29, 2022                                  Respectfully submitted,

/s/ *William B. Federman*
William B. Federman*
FEDERMAN & SHERWOOD
10205 N. Pennsylvania Ave.
Oklahoma City, Oklahoma 73120
(405) 235-1560

(405) 239-2112 (facsimile)
wbf@federmanlaw.com
abm@federmanlaw.com
*Counsel for Plaintiff and the Putative Class*
*admitted pro hac vice*

Jeffrey R. Schmitt, #52966MO
Katherine M. Flett, #68183MO
7701 Forsyth Blvd., Suite 1200
St. Louis, MO 63105
(314) 726-1000 / (314) 725-6592 (fax)
Email: jschmitt@dmfirm.com
            kflett@dmfirm.com

M. Anderson Berry (pro hac vice)
**CLAYEO C. ARNOLD,**
**A PROFESSIONAL LAW CORP.**
865 Howe Avenue
Sacramento, CA 95825
Telephone: (916) 239-4778
Facsimile: (916) 924-1829
aberry@justice4you.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 29, 2022, a true and correct copy of the foregoing was electronically filed with the Clerk of Court using CM/ECF. Copies of the foregoing document will be served upon interested counsel via transmission of Notices of Electronic Filing generated by CM/ECF.

/s/ *William B. Federman*
William B. Federman