# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| KIA MACKEY, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>BELDEN, INC.,<br><br>    Defendant. | Case No. 4:21-cv-00149-JAR |

## PRELIMINARY APPROVAL ORDER

This matter is before the Court on Plaintiffs' unopposed motion for preliminary approval of the Settlement Agreement between Plaintiffs Kia Mackey and Anand Edke, individually and on behalf of the Settlement Class (collectively, "Plaintiffs") and Belden Inc. ("Belden"), for consideration of whether the Settlement Agreement reached by the parties should be preliminarily approved, the proposed Settlement Class provisionally certified, and the Notice Plan approved. Having reviewed the proposed Settlement Agreement, together with its exhibits, and based upon the relevant papers and all prior proceedings in this matter, the Court has determined the proposed Settlement Agreement satisfies the criteria for preliminary approval, the proposed Settlement Class should be provisionally certified, and the proposed Notice Plan is approved.[1]

Accordingly, and for good cause appearing in the record, Plaintiffs' Motion is **GRANTED** (Doc. 56), and **IT IS HEREBY ORDERED THAT**:

---

[1] Unless otherwise indicated, capitalized terms used herein have the same meanings as in the Settlement Agreement.

1.    **<u>Provisional Certification of the Settlement Class</u>.**  Pursuant to Federal Rule of Civil Procedure 23(b)(3) and (e), the Court provisionally certifies the following Settlement Class for settlement purposes only:

> All individuals residing in the United States to whom Belden or its authorized representative sent a notice concerning the Cyberattack.  The Settlement Class specifically excludes: (i) Belden and its officers and directors; (ii) all Settlement Class Members who timely and validly request exclusion from the Settlement Class; (iii) the Judge and/or Magistrate Judge, and their staffs, assigned to this matter ; and (iv) any other person found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding or abetting the criminal activity or occurrence of the Cyberattack or who pleads *nolo contendere* to any such charge.

The Court provisionally finds, for settlement purposes only, that: (a) the Settlement Class is so numerous that joinder of all Settlement Class Members would be impracticable; (b) there are issues of law and fact common to the Settlement Class; (c) the claims of the Representative Plaintiffs are typical of and arise from the same operative facts and seek similar relief as the claims of the Settlement Class Members; (d) the Representative Plaintiffs and Class Counsel will fairly and adequately protect the interests of the Settlement Class as the Representative Plaintiffs have no interests antagonistic to or in conflict with the Settlement Class and have retained experienced and competent counsel to prosecute this matter on behalf of the Settlement Class; (e) questions of law or fact common to Settlement Class Members predominate over any questions affecting only individual members; and (f) a class action and class settlement are superior to other methods available for a fair and efficient resolution of this controversy.

2.    **<u>Representative Plaintiffs and Settlement Class Counsel</u>.**

Plaintiffs Kia Mackey and Anand Edke are hereby provisionally designated and appointed as the Representative Plaintiffs.  The Court provisionally finds that the Representative Plaintiffs

are similarly situated to absent Settlement Class Members and therefore typical of the Settlement Class and that they will be adequate Representative Plaintiffs.

The Court finds that the following counsel are experienced and adequate counsel and are hereby provisionally designated as Class Counsel pursuant to Federal Rule of Civil Procedure 23(g): William B. Federman of Federman & Sherwood and M. Anderson Berry of Clayeo C. Arnold, A Professional Law Corp.

3. **Preliminary Settlement Approval.** Upon preliminary review, the Court finds that the proposed settlement is fair, reasonable, and adequate, otherwise meets the criteria for approval, and warrants issuance of notice to the Settlement Class. Accordingly, the proposed settlement is preliminarily approved.

4. **Jurisdiction.** The Court concludes that it has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2), and personal jurisdiction over the Parties before it for the purposes of the Settlement. Additionally, venue is proper in this District pursuant to 28 U.S.C. § 1391(a).

5. **Final Fairness Hearing.** A Final Fairness Hearing shall be held on **April 19, 2023, at 10:00 a.m.** in Courtroom 12 North of the Thomas F. Eagleton United States Courthouse, 111 South 10th Street, St. Louis, MO 63102, to determine, among other things, whether: (a) this matter should be finally certified as a class action for settlement purposes pursuant to Federal Rule of Civil Procedure 23(b)(3) and (e); (b) the Settlement should be finally approved as fair, reasonable, and adequate pursuant to Federal Rule of Civil Procedure 23(e) and all claims in this Action should be dismissed with prejudice; (c) Settlement Class Members should be bound by the releases set forth in the Settlement Agreement; (d) the proposed Judgment should be entered; (e) the motion of Class Counsel for an award of attorneys' fees and costs and expenses should be approved

pursuant to Federal Rule of Civil Procedure 23(h); and (f) the motion of Representative Plaintiffs for Service Awards should be approved.

Plaintiffs will cause to be filed with the Court their briefs in support of attorneys' fees, costs and expenses, and Service Awards 45 days after the Notice Deadline, which is fifteen (15) days before the Objection Deadline. The Parties will cause to be filed with the Court their briefs in support of final approval, including responses to any objections, no later than fourteen (14) days before the Final Fairness Hearing. No later than fourteen (14) days before the Final Fairness Hearing, Defendant shall file with the Court a certification that it complied with the CAFA Notice requirements and stating the date of such compliance.

6.   **Administration.**  The Court appoints KCC Class Action Services, LLC as the Settlement Administrator, with responsibility for class notice and claims administration.  Subject to the Aggregate Cap set forth in Paragraph 2.4 of the Settlement Agreement, Defendant shall pay all related costs and expenses associated with the Costs of Settlement Administration.  These payments to the Settlement Administrator shall be made separate and apart from the relief being made available to Settlement Class Members under the Settlement.

7.   **Notice to the Class.**  The proposed Notice Program set forth in the Settlement Agreement, and the Claim Form, Short Notice, and Long Notice attached to the Settlement Agreement as Exhibits A, B, and C, respectively, satisfy the requirements of Federal Rule of Civil Procedure 23(c)(2)(B) and (e)(1) and are hereby approved.  Non-material modifications to these Exhibits may be made without further order of the Court.  The Settlement Administrator is directed to carry out the Notice Program in conformance with the Settlement Agreement.

Upon entry of this Order, the Settlement Administrator shall initiate the Notice Program, which shall be completed in the manner set forth in the Settlement Agreement.

8. **Findings and Conclusions Concerning Notice.**  The Court finds that the form, content, and method of giving notice to the Settlement Class as described in Paragraph 7 of this Order and the Settlement Agreement (including the exhibits thereto): (a) will constitute the best practicable notice to the Settlement Class; (b) are reasonably calculated to apprise Settlement Class Members of the pendency of the action, the terms of the proposed settlement, and their rights under the proposed settlement, including but not limited to their rights to object to or exclude themselves from the proposed settlement and other rights under the terms of the Settlement Agreement; (c) are reasonable and constitute due, adequate, and sufficient notice to all Settlement Class Members and other persons entitled to receive notice; and the Court concludes that the notice program meets all applicable requirements of law, including Federal Rule of Civil Procedure 23(c) and (e), and the Due Process Clause(s) of the United States Constitution.  The Court further finds that the notice is written in plain language, uses simple terminology, and is designed to be readily understandable by Settlement Class Members.

9. **Class Action Fairness Act Notice.**  Defendant shall provide notice of the settlement to the appropriate state or federal officials in accordance with the Class Action Fairness Act of 2005 ("CAFA").  *See* 28 U.S.C. § 1715.  No later than fourteen (14) Days before the Final Fairness Hearing, Defendant shall file with the Court a certification that it complied with the CAFA notice requirements and stating the date of such compliance.

10. **Exclusion from Class.**  Any Settlement Class Member wishing to opt out of the Settlement Class shall individually sign and timely submit written notice of such intent to the designated Post Office box established by the Settlement Administrator.  The written opt out notice must include the case name and number; the individual's name and address; a statement that they want to be excluded from the Settlement Agreement; and the individual's signature. The Settlement

Administrator shall provide the Parties with copies of all completed opt-out notifications, and a final list of all who have timely and validly excluded themselves from the Settlement Class, which Class Counsel will include with their motion for final approval. To be effective, written notice must be postmarked no later than 60 days after the Notice Deadline, as defined in Paragraph 5.2 of the Settlement Agreement.

All persons who submit valid and timely notices of their intent to be excluded from the Settlement Class shall not receive any benefits of or be bound by the terms of the Settlement Agreement. All persons falling within the definition of the Settlement Class who do not submit valid and timely notices of their intent to be excluded from the Settlement Class shall be bound by the terms of the Settlement Agreement and the Judgment entered thereon.

11. **Objections and Appearances.** A Settlement Class Member who complies with the requirements of this paragraph may object to the Settlement, and/or to the request for an award of attorneys' fees, costs, expenses, or Representative Plaintiff Service Awards.

Each Settlement Class Member desiring to object to the Settlement Agreement shall file with the Court and serve on Class Counsel and counsel for Belden a timely written notice of their objection. Such notice shall state: (i) the objector's full name, address, telephone number, and e-mail address (if any); (ii) information identifying the objector as a Settlement Class Member, including proof that the objector is a member of the Settlement Class (e.g., copy of Short Notice, copy of original notice of the Cyberattack); (iii) a written statement of all grounds for the objection, accompanied by any legal support for the objection the objector believes applicable; (iv) the identity of all counsel representing the objector, if any; (v) the identity of all counsel representing the objector who will appear at the Final Fairness Hearing, if any; (vi) a list of all persons who will be called to testify at the Final Fairness Hearing in support of the objection; (vii) a statement

confirming whether the objector intends to personally appear and/or testify at the Final Fairness Hearing; (viii) the objector's signature and the signature of the objector's duly authorized attorney or other duly authorized representative (along with documentation setting forth such representation), if any; (ix) a list, by case name, court, and docket number, of all other cases in which the objector (directly or through counsel) has filed an objection to any proposed class action settlement within the last 3 years; (x) a list, by case name, court, and docket number, of all other cases in which the objector's counsel (on behalf of any person or entity) has filed an objection to any proposed class action settlement within the last 3 years; and (xi) a list, by case name, court, and docket number, of all other cases in which the objector has been a named plaintiff in any class action or served as a lead plaintiff or class representative.

To be timely, written notice of an objection in the appropriate form must be filed with the Clerk of the Court no later than 60 days after the Notice Deadline, as defined in Paragraph 5.2 of the Settlement Agreement, and served concurrently therewith upon Class Counsel, William B. Federman, Federman & Sherwood, 10205 N. Pennsylvania Ave., Oklahoma City, OK 73120 and M. Anderson Berry, Clayeo C. Arnold, A Professional Law Corp., 865 Howe Avenue, Sacramento, CA 95825; and counsel for Belden, Kristine McAlister Brown and Gavin Reinke, Alston & Bird LLP, 1201 West Peachtree Street, Atlanta, GA 30309-3424.

Any Settlement Class Member who fails to timely file and serve a written objection pursuant to the Settlement Agreement, as detailed in this Order and in the Long Notice, shall not be permitted to object to the approval of the settlement at the Final Fairness Hearing and shall be foreclosed from seeking any review of the settlement or the terms of the Settlement Agreement by appeal or other means.  Any Settlement Class Member who does not submit a timely objection in complete accordance with the Settlement Agreement and this Order shall not be treated as having

7

filed a valid objection to the settlement and shall forever be barred from raising any objection to the settlement.

12. **Claims Process and Distribution and Allocation Plan.**  Representative Plaintiffs and Belden have created a process for assessing and determining the validity and value of claims and a payment methodology to Settlement Class Members who submit Approved Claims.  The Court preliminarily approves the plan for remuneration described in Section II of the Settlement Agreement and directs that the Settlement Administrator effectuate the distribution of settlement consideration according to the terms of the Settlement Agreement, should the Settlement be finally approved.

Settlement Class Members who qualify for and wish to submit a Claim Form shall do so in accordance with the requirements and procedures specified in the notice and the Claim Form. If final Judgment is entered, all Settlement Class Members who qualify for any benefit under the settlement but fail to submit a claim in accordance with the requirements and procedures specified in the notice and the Claim Form shall be forever barred from receiving any such benefit, but will in all other respects be subject to and bound by the provisions in the Settlement Agreement, the releases included in that Agreement, and the final Judgment.

13. **Termination of Settlement.**  This Order shall become null and void and shall be without prejudice to the rights of the Parties, all of whom shall be restored to their respective positions existing immediately before this Court entered this Order, if the Settlement is not finally approved by the Court or is terminated in accordance with the Settlement Agreement.

14. **Use of Order.**  This Order shall be of no force or effect if final Judgment is not entered or there is no Effective Date and shall not be construed or used as an admission, concession, or declaration by or against Belden of any fault, wrongdoing, breach, liability, or the

certifiability of any class.  Nor shall this Order be construed or used as an admission, concession, or declaration by or against the Representative Plaintiffs or any other Settlement Class Member that his or her claim lacks merit or that the relief requested is inappropriate, improper, unavailable, or as a waiver by any Party of any defense or claim he, she, or it may have in this litigation or in any other lawsuit.

15. **Stay of Proceedings.**  Except as necessary to effectuate this Order, all proceedings and deadlines in this matter are stayed and suspended pending the Final Fairness Hearing and issuance of the final Judgment, or until further order of this Court.

16. **Continuance of Hearing.**  The Court reserves the right to adjourn or continue the Final Fairness Hearing and related deadlines without further written notice to the Class.  If the Court alters any of those dates or times, the revised dates and times shall be posted on the website maintained by the Settlement Administrator.

17. **Summary of Deadlines.**  The preliminarily approved Settlement shall be administered according to its terms pending the Final Fairness Hearing.  Deadlines arising under the Settlement Agreement and this Order include but are not limited to:

| | |
|---|---|
| **Deadline to Establish Settlement Website and Toll-Free Telephone Number:** | Within 14 days after entry of this Order |
| **Notice Deadline:** | Within 30 days after entry of this Order |
| **Opt-Out Deadline:** | 60 days after the Notice Deadline |
| **Objection Deadline:** | 60 days after the Notice Deadline |
| **Motion for Final Approval:** | 14 days before the Final Fairness Hearing |
| **Claims Deadline:** | 75 days after Completion of the Notice Program |
| **Motion for Service Awards, Attorneys' Fees and Costs:** | 45 days after the Notice Deadline, which is 15 days |

|  | before the Objection Deadline |
|---|---|
| **Responses to Objections** | 14 days before the Final Fairness Hearing |
| **Final Fairness Hearing:** | Not less than 150 days after entry of this Order |

Dated this 26th day of October 2022.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE