UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI

KIA MACKEY, individually and on behalf of all others similarly situated,

Plaintiff,

v.

BELDEN, INC.,

Defendant.

Case No. 4:21-cv-00149-JAR

## FINAL APPROVAL ORDER AND JUDGMENT

On October 26, 2022, this Court entered an order granting preliminary approval (the "Preliminary Approval Order") (ECF No. 59) of the settlement (the "Settlement Agreement") between Plaintiffs Kia Mackey and Anand Edke ("Plaintiffs"), on their own behalf and on behalf of the Settlement Class (as defined below), and Defendant Belden, Inc. ("Belden"), as Exhibit 1 (ECF No. 57-1) to the Memorandum of Law in Support of Plaintiffs' Motion for Preliminary Approval of Settlement;[1]

Pursuant to the notice requirements set forth in the Settlement Agreement and in the Preliminary Approval Order, the Settlement Class was notified of the terms of the proposed Settlement Agreement, of the right of Settlement Class Members to opt-out, and the right of Settlement Class Members to object to the Settlement Agreement and to be heard at a final approval hearing.

On April 19, 2023, the Court held a final approval hearing to determine, *inter alia*: (1) whether the settlement is fair, reasonable, and adequate; and (2) whether judgment should be

---

[1] The capitalized terms used in this Final Approval Order and Judgment shall have the same meaning as defined in the Settlement Agreement except as may otherwise be indicated.

1

entered dismissing this Action with prejudice. Prior to the final approval hearing, a declaration of compliance with the provisions of the Settlement Agreement and Preliminary Approval Order relating to notice was filed with the Court. The Court is satisfied that Settlement Class Members were properly notified of their right to appear at the final approval hearing in support of or in opposition to the proposed Settlement Agreement, the award of attorneys' fees and costs to Class Counsel, and the payment of Service Awards to the Representative Plaintiffs.

Having given an opportunity to be heard to all requesting persons in accordance with the Preliminary Approval Order, having heard the presentation of Class Counsel and counsel for Belden, having reviewed all of the submissions presented with respect to the proposed Settlement Agreement, having determined that the Settlement Agreement is fair, adequate, and reasonable, having considered the application made by Class Counsel for attorneys' fees and costs and expenses, and the application for Service Awards to the Representative Plaintiffs, and having reviewed the materials in support thereof, and good cause appearing:

**IT IS HEREBY ORDERED THAT:**

1. The Court has jurisdiction over the subject matter of this Action and over all claims raised therein and all Parties thereto, including the Settlement Class.

2. The Settlement Agreement was entered into in good faith following arm's length negotiations and is non-collusive.

3. The Settlement Agreement is, in all respects, fair, reasonable, and adequate, is in the best interests of the Settlement Class, and is therefore approved. The Court finds that the Parties faced significant risks, expenses, delays, and uncertainties, including as to the outcome, including on appeal, of continued litigation of this complex matter, which further supports the Court's finding that the Settlement Agreement is fair, reasonable, adequate and in the best interests of the Settlement Class Members. The Court finds that the uncertainties of continued litigation in both

the trial and appellate courts, as well as the expense associated with it, weigh in favor of approval of the settlement reflected in the Settlement Agreement.

4. This Court grants final approval of the Settlement Agreement, including but not limited to, the releases in the Settlement Agreement, including all Released Claims, and the plans for implementation and distribution of the settlement relief. The Court finds that the Settlement Agreement is in all respects fair, reasonable, and in the best interest of the Settlement Class. Therefore, all Settlement Class Members who have not timely and validly opted out are bound by the Settlement Agreement and this Judgment, including without limitation all releases therein.

5. The Parties shall effectuate the Settlement Agreement in accordance with its terms. The Settlement Agreement and every term and provision thereof shall be deemed incorporated herein as if explicitly set forth herein and shall have the full force of an Order of this Court.

## **OBJECTIONS AND OPT-OUTS**

6. No objections were filed by Settlement Class Members.

7. All persons who have not objected to the Settlement Agreement in the manner provided in the Settlement Agreement are deemed to have waived any objections to the Settlement Agreement, including without limitation by appeal, collateral attack, or otherwise.

8. One request for opt out was filed by a Settlement Class Member.

## **CLASS CERTIFICATION**

9. For purposes of the Settlement Agreement and this Final Approval Order and Judgment only, the Court hereby finally certifies the following Settlement Class:

> All individuals residing in the United States to whom Belden or its authorized representative sent a notice concerning the Cyberattack. The Settlement Class specifically excludes: (i) Belden and its officers and directors; (ii) all Settlement Class Members who timely and validly request exclusion from the Settlement Class; (iii) the Judge and/or Magistrate Judge, and their staffs, assigned to evaluate this matter; and (iv) any other person found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding or abetting the criminal activity or

occurrence of the Cyberattack or who pleads *nolo contendere* to any such charge.

10. The Court readopts and incorporates herein by reference its preliminary conclusions as to the satisfaction of Federal Rule of Civil Procedure 23(a) and 23(b)(3) set forth in the Preliminary Approval Order and notes again that because this certification of the Settlement Class is in connection with the Settlement Agreement rather than litigation, the Court need not address any issues of manageability that may be presented by certification of the class proposed in the Settlement Agreement.

11. The Court grants final approval to the appointment of Plaintiffs Kia Mackey and Anand Edke as Representative Plaintiffs. The Court concludes that the Representative Plaintiffs have fairly and adequately represented the Settlement Class and will continue to do so.

12. The Court grants final approval to the appointment of William B. Federman of Federman & Sherwood and M. Anderson Berry of Clayeo C. Arnold, A Professional Law Corp., as Class Counsel. The Court concludes that Class Counsel have adequately represented the Settlement Class and will continue to do so.

## NOTICE TO THE CLASS

13. The Court finds that the Notice Program, set forth in the Settlement Agreement and effectuated pursuant to the Preliminary Approval Order, was the best notice practicable under the circumstances, was reasonably calculated to provide and did provide due and sufficient notice to the Settlement Class of the pendency of this Action, certification of the Settlement Class for settlement purposes only, the existence and terms of the Settlement Agreement, and of their right to object and to appear at the final approval hearing or to exclude themselves from the Settlement Agreement, and satisfied the other requirements of the Federal Rules of Civil Procedure, the United States Constitution, and other applicable law.

14. The Court finds that Belden has fully complied with the notice requirements of the Class Action Fairness Act of 2005, 28 U.S.C. § 1715.

## AWARD OF ATTORNEYS' FEES AND SERVICE AWARDS

15. The Court has considered Class Counsel's Motion for Attorneys' Fees, Reimbursement of Litigation Expenses, and Service Awards to Plaintiffs . The Court awards Class Counsel the sum of $425,000.00 as an award of attorneys' fees and costs and expenses to be paid in accordance with the Settlement Agreement, and the Court finds this amount of fees and costs to be fair and reasonable.

16. The Court grants Class Counsel's request for Service Awards to the Representative Plaintiffs and awards $3,500.00 each to Plaintiffs Kia Mackey and Anand Edke. The Court finds that this payment is justified by their service to the Settlement Class. This payment shall be paid in accordance with the Settlement Agreement.

## OTHER PROVISIONS

17. The Parties to the Settlement Agreement shall carry out their respective obligations thereunder.

18. Within the time set forth in the Settlement Agreement, the relief provided for in the Settlement Agreement shall be made available to the various Settlement Class Members submitting Approved Claims, pursuant to the terms and conditions of the Settlement Agreement.

19. Upon the Effective Date, each Settlement Class Member, including Representative Plaintiffs, shall be deemed to have, and by operation of the Judgment shall have, completely, fully, finally, irrevocably, and forever released, relinquished, and discharged all Released Claims.

20. "Released Claims" shall mean any and all Claims of any and every kind, nature, and character, known and unknown (including "Unknown Claims"), that any Settlement Class Member has, has asserted, could have asserted, or could assert against any of the Released Persons

based on, relating to, concerning, or arising out of the Cyberattack (including but not limited to the theft or compromise of Personal Information) or the allegations, facts, or circumstances included in the Edke or Mackey Litigation.

21.     "Unknown Claims" means any of the Released Claims that any Settlement Class Member, including any of the Representative Plaintiffs, does not know or suspect to exist in their favor at the time of the release of the Released Persons that, if known by them, might have affected their settlement with, and release of, the Released Persons, or might have affected their decision not to object to and/or to participate in the Settlement Agreement. With respect to any and all Released Claims, upon the Effective Date, Representative Plaintiffs expressly shall have, and each of the other Settlement Class Members shall be deemed to have, and by operation of this Final Approval Order and Judgment shall have, waived the provisions, rights, and benefits conferred by California Civil Code § 1542 to the extent applicable, and also any and all provisions, rights, and benefits conferred by any law of any state, province, or territory of the United States (including, without limitation, Montana Code Ann. § 28-1-1602; North Dakota Cent. Code § 9-13-02; and South Dakota Codified Laws § 20-7-11), which is similar, comparable, or equivalent to California Civil Code §1542, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

Settlement Class Members, including Representative Plaintiffs, and any of them, may hereafter discover facts in addition to, or different from, those that they now know or believe to be true with respect to the subject matter of the Released Claims, but Representative Plaintiffs expressly shall have, and each other Settlement Class Member shall be deemed to have, and by operation of this

Final Approval Order and Judgment shall have, upon the Effective Date, fully, finally, and forever settled and released any and all Released Claims, including Unknown Claims.

22. Further, upon the Effective Date, and to the fullest extent permitted by law, each Settlement Class Member, including Representative Plaintiffs, shall, either directly, indirectly, representatively, as a member of or on behalf of the general public or in any capacity, be permanently barred and enjoined from commencing, prosecuting, or participating in any recovery in any action in this or any other forum in which any of the Released Claims are asserted.

23. The terms of the Settlement Agreement and this Final Approval Order and Judgment shall have maximum res judicata, collateral estoppel, and all other preclusive effect in any and all claims for relief, causes of action, suits, petitions, demands in law or equity, or any allegations of liability, damages, debts, contracts, agreements, obligations, promises, attorney's fees, costs, interest or expenses that arise out of or relate to the allegations or subject matter of this Action.

24. This Final Approval Order and Judgment and the Settlement Agreement, and all acts, statements, documents or proceedings relating to the Settlement Agreement are not, and shall not be construed as, used as, or deemed to be evidence of, an admission by or against Belden of any claim, any fact alleged in the Mackey Litigation or the Edke Litigation, any fault, any wrongdoing, any violation of law, or any liability of any kind on the part of Belden or of the validity or certifiability for litigation of any claims that have been, or could have been, asserted in the Action. This Final Approval Order and Judgment, the Settlement Agreement, all acts, statements, documents or proceedings relating to the Settlement Agreement shall not be offered or received or be admissible in evidence in any action or proceeding, or be used in any way as an admission or concession or evidence of any liability or wrongdoing of any nature or that Plaintiffs, any Settlement Class Member, or any other person has suffered any damage; *provided*, *however*,

that the Settlement Agreement and this Final Approval Order and Judgment may be filed in any action by Belden or Settlement Class Members seeking to enforce the Settlement Agreement or the Final Approval Order and Judgment (including but not limited to enforce the releases contained herein).  The Settlement Agreement and Final Approval Order and Judgment shall not be construed or be admissible as an admission by Belden that Plaintiffs' claims or any similar claims are suitable for class treatment. The Settlement Agreement's terms shall be forever binding on, and shall have res judicata and preclusive effect in, all pending and future lawsuits or other proceedings as to Released Claims and other prohibitions set forth in this Final Approval Order and Judgment that are maintained by, or on behalf of, any Settlement Class Member or any other person subject to the provisions of this Final Approval Order and Judgment.

25. The Court hereby dismisses this Action on the merits and with prejudice, without fees or costs to any Party except as provided in this Final Approval Order and Judgment.

26. Consistent with Paragraph 11.2 of the Settlement Agreement, if the Effective Date, as defined in the Settlement Agreement, does not occur for any reason, this Final Approval Order and Judgment and the Preliminary Approval Order shall be deemed vacated and shall have no force and effect whatsoever; the Settlement Agreement shall be considered null and void; all of the Parties' obligations under the Settlement Agreement, the Preliminary Approval Order, and this Final Approval Order and Judgment shall cease to be of any force and effect and the Parties shall return to the status quo ante in the Action as if the Parties had not entered into the Settlement Agreement. In such an event, the Parties shall be restored to their respective positions in the Litigation as if the Settlement Agreement had never been entered into (and without prejudice to any of the Parties' respective positions on the issue of class certification or any other issue).

27. Pursuant to the All Writs Act, 28 U.S.C. § 1651, this Court shall retain the authority to issue any order necessary to protect its jurisdiction from any action, whether in state or federal court.

28. Without affecting the finality of this Final Approval Order and Judgment, the Court will retain jurisdiction over the subject matter and the Parties with respect to the interpretation and implementation of the Settlement Agreement for all purposes.

Dated this 19th day of April 2023.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE